■ In the Matter of JOHN LODICO et al., Respondents, v. W. REGINALD HERDMAN et al., Respondents, and NEW CITY CONDOMINIUMS CORP., Intervening Respondent-Appellant.— In a proceeding pursuant to article 78 of the CPLR to review a determination by respondent Zoning Board of Appeals of the Town of Clarkstown, dated April 19, 1971, reversing a denial by the town's building inspector of building permits, the intervening respondent appeals from a judgment of the Supreme Court, Rockland County, dated February 15, 1973, which granted the petition to the extent of annulling the determination and reinstating the decision of the building inspector. Judgment reversed, on the law, with costs to appellant against petitioners-respondents, petition dismissed on the merits, and determination confirmed. Special Term erred in substituting its judgment for that of the Zoning Board of Appeals. There was substantial evidence to support the board's finding that the Planning Board of the town exercised its discretion, at the time of the 1968 plat approval, to accept $66,600 worth of private on-site recreational facilities as compliance with section 277 of the Town Law and pertinent "money-in-lieu-of-land" regulations. Although there is some indication in the record that the Planning Board considered requiring a cash payment in lieu of land in the future, that is, upon site layout review, the Planning Board never formally reserved the right to impose such requirement, approved the amended map and performance bond providing for on-site private recreational facilities as and for compliance with the law and, upon submission of the site development plan in 1969, not only failed to request such a cash payment but failed even to approve or disapprove the plan, resulting in approval by operation of law and the issuance of the first building permit sought. Thereafter, the Planning Board had no authority to reverse itself and require a cash payment to the town of $66,600, in addition to the already approved on-site facilities, as a condition for the issuance of additional building permits. Hopkins, Acting P. J., Shapiro, Christ, Brennan and Benjamin, JJ., concur.

■ In the Matter of GRACE T. M. (ANONYMOUS), Respondent, v. ROBERT J. G. (ANONYMOUS), Appellant.— In a paternity proceeding, the appeal is from an order of the Family Court, Queens County, dated December 28, 1971, which, after a hearing, adjudged appellant the father of the child. Order affirmed, without costs. No opinion. Shapiro, Christ, Brennan and Benjamin, JJ., concur; Hopkins, Acting P. J., dissents and votes to reverse and dismiss the proceeding, with the following memorandum: Petitioner did not establish by clear and convincing evidence that appellant was the father of the child.